**Electronically Filed
Intermediate Court of Appeals
29575
19-JAN-2012
09:10 AM**

NO. 29575

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


COLLEEN MARY SAGON, nka
COLLEEN MARY KELII,
Plaintiff-Appellant/Cross-Appellee,
vs.
ADAM LAWRENCE SAGON, JR.,
Defendant-Appellee/Cross-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 04-1-1972)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley, and Leonard, JJ.)

This appeal arises out of a proceeding for post-divorce decree relief brought by Plaintiff-Appellant Colleen Mary Sagon, nka Colleen Mary Kelii (Colleen or Plaintiff) against Defendant-Appellee Adam Lawrence Sagon, Jr. (Adam or Defendant). Colleen appeals from the following orders entered by the Family Court of the First Circuit (Family Court)[1]: (1) the order that was filed on September 5, 2008 (September 5, 2008, Order); (2) the order granting in part and denying in part Plaintiff's motion for reconsideration and/or clarification that was filed on December 24, 2008 (Order Regarding Plaintiff's Motion for Reconsideration/Clarification); and (3) the order granting in

---

[1] The Honorable Patricia C. Aburano presided over the proceedings relevant to this appeal.

part and denying in part Defendant's motion for reconsideration and/or clarification that was filed on December 24, 2008 (Order Regarding Defendant's Motion for Reconsideration/ Clarification).[2] On July 6, 2009, the Family Court filed "Findings of Fact and Conclusions of Law" with respect to these orders.

On appeal, Colleen argues that the Family Court erred in: (1) concluding that the divorce decree did not require Adam to pay the children's post-secondary educational expenses; (2) concluding that it lacked jurisdiction to modify the divorce decree to impose an obligation to pay the children's post-secondary educational expenses; (3) determining Adam's child support arrearages for the parties' daughter; (4) determining the current child support for the parties' daughter; and (5) requiring both parties to pay their own attorney's fees and costs. Colleen challenges numerous findings of fact and conclusions of law entered by the Family Court in support of its rulings on these points.

We conclude that the Family Court erred in concluding that it lacked jurisdiction to modify the divorce decree to impose an obligation to pay post-secondary educational expenses, and we remand the case for determination of that issue on the merits. We affirm the Family Court's orders in all other respects.

I.

We resolve the issues raised by Colleen on appeal as follows:

(1) The Family Court did not err in construing the divorce decree as not requiring Adam to pay the children's post-secondary educational expenses. The Family Court's construction of the divorce decree was reasonable in light of the circumstances surrounding the entry of the divorce decree, the

_____

[2] Adam filed a cross-appeal from these orders. However, Adam later moved to dismiss his cross-appeal, and this court dismissed Adam's cross-appeal.

evidence presented at the hearing, and the absence of language in the divorce decree specifically requiring Adam to pay the children's post-secondary educational expenses.

(2)    The Family Court erred in concluding that it lacked jurisdiction to modify the divorce decree to impose an obligation to pay the children's post-secondary educational expenses.  HRS § 580-47(a), (c), (d) (2006); see Jaylo v. Jaylo, 125 Hawaiʻi 369, 373-74, 262 P.3d 245, 249-50 (2011).  Because the Family Court erroneously denied Colleen's request to modify the divorce decree to require Adam to pay post-secondary educational expenses on jurisdictional grounds, it did not address the merits of Colleen's request.  We remand the case for a decision by the Family Court on the merits.  We express no opinion on what the decision on the merits should be.

(3)    Based on our review of the record, we conclude that the Family Court did not err in determining the child support arrearages that Adam owed with respect to his daughter.  Adam's child support obligations were subject to conditions set forth in the divorce decree, and he was not required to pay child support when those conditions were not satisfied.

(4)    Based on our review of the record, we conclude that the Family Court did not err using the joint physical custody adjustment in the child support guidelines in determining Adam's current child support for his daughter.

(5)    We conclude that the Family Court did not abuse its discretion in requiring both parties to pay their attorney's fees and costs.  See HRS § 580-47(f) (2006); Wellman v. Wellman, 7 Haw. App. 266, 752 P.2d 1079 (1988) (holding that a provision in a divorce decree could not deprive the family court of its discretion under the predecessor to HRS § 580-47(f) to determine whether to award attorney's fees and costs to a party).

II.

We vacate the Family Court's September 5, 2008, Order, the Order Regarding Plaintiff's Motion for Reconsideration/ Clarification, and the Order Regarding Defendant's Motion for

Reconsideration/Clarification to the extent that they denied Colleen's request to modify the divorce decree to require Adam to pay the children's post-secondary educational expenses on the ground that the Family Court lacked jurisdiction to modify the divorce decree to impose an obligation to pay post-secondary educational expenses.  We affirm these orders in all other respects.  We remand the case for a determination of Colleen's request to modify the divorce decree to require Adam to pay the children's post-secondary educational expenses on the merits.

DATED: Honolulu, Hawai'i, January 19, 2012.

On the briefs:

Robert M. Harris
for Plaintiff-Appellant/
Cross-Appellee

Peter Van Name Esser
Sheila Vierra
for Defendant-Appellee/
Cross-Appellant

Chief Judge

Associate Judge

Associate Judge

4